UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
YOSSEF KAHLON a/k/a Jossef Kahlon and
ATLAS SOLAR HOLDINGS LLC,

                         Plaintiffs,

          -against-

CNA FINANCIAL CORPORATION, and
CONTINENTAL CASUALTY COMPANY,

                         Defendants.
-----------------------------------------------------------X

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★    JUN 1 3 2017    ★

LONG ISLAND OFFICE

MEMORANDUM & ORDER

16-CV-2239
(Wexler, J.)

APPEARANCES:

    LAW OFFICE OF ELIAS C. SCHWARTZ, PLLC
    By: Jennifer J. Bock, Esq. and Keri Ann Joeckel, Esq.
    343 Great Neck Road
    Great Neck, New York 11021
    Attorneys for Plaintiffs

    LANDMAN CORSI BALLAINE & FORD P.C.
    By: Gerald T. Ford
    120 Broadway, 27th Floor
    New York, New York 10271
        and
    WILEY REIN LLP
    By: Richard A. Simpson, Esq. and Mary E. Borja, Esq.
    1776 K Street NW
    Washington, District of Columbia 20006
    Attorneys for Defendant

WEXLER, District Judge:

Plaintiffs Yossef Kahlon ("Kahlon") and Atlas Solar Holdings LLC ("Atlas")

(collectively "Plaintiffs" or "Kahlon/Atlas") commenced an action in New York Supreme Court,

Nassau County, against defendants CNA Financial Corporation d/b/a CNA ("CNA") and

Continental Casualty Company ("Continental" or "Defendant") seeking a declaratory judgment

that Plaintiffs were owed a duty of defense and indemnification under a policy issued to their

former attorneys. Defendants timely removed the action on the basis of the diversity of the

parties, and Plaintiffs subsequently voluntarily dismissed their claims against CNA. Currently before the Court is Defendant Continental's motion to dismiss the complaint. Motion, Docket Entry ("DE") [26]. For the reasons set forth below, the motion is granted and the case dismissed.

## I. BACKGROUND

### A. General Litigation History

This case is one of several arising from the business relationship between Plaintiffs Kahlon/Atlas and Troy Lambe, Sunray Solar Inc., and Max Diversified, Inc. (collectively, "Lambe/Sunray"). Plaintiffs' business relationship with Lambe/Sunray ran into problems "which ultimately required legal intervention." Complaint, ¶24, DE [1]. In or about June 2012, Plaintiffs retained attorney Erika T. Yitzhak and her firms, the Law Offices of Erica T. Yitzhak, and Erika T. Yitzhak, Esq., P.C. (collectively "Yitzhak") to pursue claims against Lambe/Sunray. Id., ¶25.

The complaint alleges that Yitzhak took several steps in the ensuing months, "at their own behest" including filing UCC liens against Lambe/Sunray, serving a demand letter, and writing to alleged potential investors in Lambe/Sunray to advise them of the pending litigation. Complaint, ¶¶26-35. On or about October 22, 2012, Yitzhak filed and served a summons with notice on behalf of Atlas against Lambe/Sunray in New York Supreme Court, Nassau County. According to plaintiffs, Yitzhak made numerous errors in that litigation, including failure to properly construe a choice of law provision and failure to properly serve defendants. That complaint was dismissed for lack of jurisdiction on July 8, 2013. Id., ¶57.

On or about May 24, 2013, Lambe/Sunray filed an action in the Eastern District of New York against Kahlon/Atlas and Yitzhak. See 13-cv-3126 (the "federal case"). The amended complaint in the federal case asserted twelve causes of action. Claims of negligence and

professional malpractice were dismissed on summary judgment, *see* Mem. & Order of 1/14/16, 13-cv-3126, DE [108], and the remaining claims proceeded to trial before the undersigned.

Lambe/Sunray stipulated to a dismissal of Yitzhak during the trial. *See* 13-cv-3126, DE [125]; Compl. ¶72. On February 1, 2016, the jury rendered a verdict in favor of Lambe/Sunray and against Kahlon/Atlas on several causes of action including, *inter alia,* claims for tortious interference with contract and with prospective economic relations, abuse of process, and wrongful filing of a UCC-1 Statement, and awarded $750,000 in compensatory damages and $250,000 in punitive damages. *See* 13-cv-3126, DE [133]; Compl. ¶73. That case is on appeal.

## B. The Current Case

On or about March 11, 2016, about a month after the verdict in the federal case, the current case was filed by Kahlon/Atlas in New York Supreme Court, Nassau County, and was timely removed to this court. Continental had issued an insurance policy with a named insured as the Law Offices of Erica T. Yitzhak. *See* Lawyers Professional Liability Policy (the "Policy"), DE [27-1]. At the outset of the federal case, Plaintiffs notified Continental of that matter and requested defense and indemnity under Yitzhak's Policy. Compl. ¶88. Defendant denied coverage "[s]hortly thereafter." *Id.* ¶89.

Plaintiffs allege that the Yitzhak entities failed to "fulfill their duties" to them, in that Yitzhak "owed a duty to render legal services in a competent and professional manner and to act with ordinary and reasonable skill, care and diligence," Compl. ¶76, and that Yitzhak "failed and refused to provide competent, skillful and zealous legal representation." *Id.* ¶77. As a result, plaintiffs were "damaged with respect to their business relationships; reputation; ability to collect monies owed to them; and the legal fees, costs and expenses incurred in connection therewith." *Id.* ¶80. Plaintiffs argues that as the insurance carrier for Yitzhak, Continental owed a duty to

Plaintiffs as "intended beneficiaries of the policies" issued to Yitzhak. *Id.* ¶84. Plaintiffs seek a declaratory judgment that the policies "obligated [Continental] to defend and indemnify the Plaintiffs in the federal court case." *Id.* ¶91. They also assert a breach of contract claim against Defendant.

## II. LEGAL STANDARDS

In considering a motion to dismiss made pursuant to Rule 12(b)(6), the court must accept the factual allegations in the complaints as true and draw all reasonable inferences in favor of the plaintiff. *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013) (citations omitted). The court determines "whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

The determination of "whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S at 679. A determination of plausibility "depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011). A pleading that does nothing more than recite bare legal conclusions, however, is insufficient to "unlock the doors of discovery." *Iqbal*, 556 U.S. at 678-679; *see also Twombly*, 550 U.S. at 555 (holding that a "formulaic recitation of cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level."). In

addition to the allegations in the complaint, the court may consider documents incorporated by reference in the complaint. As such, the Court considers the Policy.

## III. DISCUSSION

### A. Declaratory Judgment Claim

#### 1. New York Insurance Law §3420

Plaintiffs seek a declaration of Continental's duty to defend and indemnify them in the federal case. Defendant counters that a direct action against it is not permitted under New York law unless certain conditions are met, and that those conditions have not been satisfied by Plaintiffs.[1] The Court agrees that Plaintiffs do not currently have standing to bring this action.

"Under the common law, an injured person possessed no cause of action against the insurer of the tort feasor." *Lang v. Hanover Ins. Co.*, 3 N.Y.3d 350, 353, 820 N.E.2d 855, 787 N.Y.S.2d 211 (2004) (internal quotation and citation omitted). An injured party could not, under common law, sue his tortfeasor's insurer directly to access insurance proceeds. New York has adopted laws to provide a limited exception to this rule. Under New York law, all liability policies must include a provision allowing "any person who has . . . obtained a judgment against the insured . . . for injury sustained or loss or damage occasioned during the life of the policy or contract" to bring an action against the insurer to recover the amount of the judgment against the insured. N.Y. INS. LAW §3420(b). The statute provides that an injured party may directly sue his tortfeasor's insurer only after (1) obtaining a judgment against the tortfeasor, (2) serving the insurer with a copy of the judgment, and (3) waiting 30 days for payment. "Compliance with these requirements is a condition precedent to a direct action against the insurance company."

---

[1]As the parties apparently agree that New York law controls, the Court will apply it. *See, e.g., Fed. Ins. Co. v. Am. Home Assurance Co.*, 639 F.3d 557, 566 (2d Cir. 2011) ("[W]here the parties agree that New York law controls, this is sufficient to establish choice of law.").

*Lang*, 3 N.Y.3d at 353. "[I]f Section 3420 does not apply, then plaintiffs have no cause of action under common law." *Commonwealth Land Title Ins. Co. v. Am. Signature Servs., Inc.*, No. 13-CV-3266, 2014 WL 672926, at *6 (E.D.N.Y. Feb. 20, 2014).

It is undisputed that Plaintiffs have not obtained a judgment against Yitzhak. Indeed, their malpractice action against their former attorneys is currently pending before this Court. As they are unable to satisfy the requirements of §3420, they may not maintain a direct action against Yitzhak's insurer. Accordingly, Defendant's motion to dismiss this claim is granted.

### 2. Plaintiffs as Intended Beneficiaries of the Policy

Plaintiffs argue that they are not suing for Yitzhak's malpractice, but rather are suing for Continental's declination of coverage and resulting failure to defend or indemnify. Thus, they contend, their claims do not implicate the strictures of §3420 as they are "intended beneficiaries" of the Policy with a right to a direct action.[2] Plaintiffs suggest that Continental, as Yitzhak's insurance carrier, "owed a duty to Plaintiffs (intended beneficiaries of the policies issued by Defendants to Yitzhak []) to provide legal services, defending and indemnifying Plaintiffs in the federal court action, which were necessary as a result of Yitzhak[]'s breach of their duties to Plaintiffs." Compl. ¶84. Plaintiffs contend that they are entitled to a declaratory judgment that Defendant has a duty to defend and/or indemnify "under the Professional Liability Policy in the Federal Court Action." Pls' Mem. in Opp. at 15. They further claim that the failure to defend and indemnify "is not contingent on the malpractice of Yitzhak." *Id.* at 9.

To recover as a third-party beneficiary of a contract under New York law, "a claimant must establish that the parties to the contract intended to confer a benefit on the third party."

---

[2] Plaintiffs concede that if they "were attempting to recover for Yitzhak Non-Parties' malpractice from the carrier directly without first obtaining a judgment, Plaintiff[s] agree[] that N.Y. Inc. Law §3420 would control." Pls' Mem. in Opp. at 11, n.5, DE [28].

*Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 124 (2d Cir. 2005). A party

asserting third-party beneficiary rights "must establish (1) the existence of a valid and binding

contract between other parties, (2) that the contract was intended for his benefit and (3) that the

benefit to him is sufficiently immediate, rather than incidental, to indicate the assumption by the

contracting parties of a duty to compensate him if the benefit is lost." *State of Cal. Pub. Emps*

*Ret. Sys. v. Shearman & Sterling,* 95 N.Y.2d 427, 434-35, 718 N.Y.S.2d 256, 741 N.E.2d 101

(2000) (internal quotation and citation omitted). "[W]here the insurance contract does not name,

describe, or otherwise refer to the entity or individual seeking the benefit thereof as an insured,

there is no obligation to defend or indemnify." *Madeira v. Affordable Hous. Found., Inc.*, 469

F.3d 219, 251–52 (2d Cir. 2006) (internal quotation and citation omitted). Dismissal of a third-

party claim is warranted "where the contract rules out any intent to benefit the claimant. . . or

where the complaint relies on language in the contract or other circumstances that will not

support the inference that the parties intended to confer a benefit on the claimant." *Subaru*

*Distribs. Corp., Inc.,* 425 F.3d at 124  (citations omitted).

Plaintiffs' allegations regarding its entitlement to coverage are conclusory and do not

plausibly establish their standing to bring this action as third-party beneficiaries. The Policy

does not expressly name or otherwise identify Plaintiffs. Further, the Policy does not support

any inference that Continental, referred to as the Company in the Policy, and Yitzhak intended to

confer any benefit on Plaintiffs. To the contrary, the Policy expresses a clear intent to bar third

party actions unless a condition precedent is satisfied -- "[n]o action shall lie against the

Company by any third party" unless "the Insured's obligation to pay shall have been finally

determined either by judgment against the Insured or by written agreement of the Insured, the

claimant and the Company." Policy, Art. V., §F. The Policy also contains an anti-assignment

provision stating that "[n]o assignment of interest of the Insured under this Policy shall be valid, unless the written consent of the Company is endorsed hereon." Policy, Art. V., §J. Such clauses suggest "an intent to limit the obligation of the contract to the original parties." *Subaru Distribs. Corp., Inc.,* 425 F.3d at 125. There is nothing in the Policy to support an inference that Continental and Yitzhak intended Kahlon/Atlas, or, indeed, any client of Yitzhak's, to be a third-party beneficiary to their agreement.

## B. Breach of Contract Claim

To state a breach of contract claim under New York law, plaintiff "must allege: (i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages." *Johnson v. Nextel Commc'ns, Inc.,* 660 F.3d 131, 142 (2d Cir. 2011). As discussed *supra,* there was no contract between Plaintiffs and Defendant, nor were Plaintiffs intended beneficiaries of the Policy. In the absence of a contractual relationship between the parties, no breach of contract claim will lie. Accordingly, this cause of action is also dismissed.

## IV. CONCLUSION

Defendant's motion to dismiss [26] is granted. The dismissal is without prejudice to Plaintiffs' commencement of an action if and when the condition precedent set forth in N.Y. Ins. Law §3420 is satisfied. Clerk of the Court is directed to close the case.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
      June 13, 2017